UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN CLAUSEN,

Petitioner,

v.

JOHN W. HENLEY, *et al.*,

Respondents.

Case No. 3:25-cv-00283-MMD-CLB

ORDER

Petitioner Kevin Clausen, a *pro se* Nevada prisoner, submitted a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

In July 2025, the Court denied Clausen's IFP application because the financial certificate shows he is able to pay the $5 filing fee. (ECF No. 8.) On August 29, 2025, Clausen complied with the Court's order and paid the filing fee. (ECF No. 10.) The Court, however, in error, did not become aware that Clausen paid the filing fee until he filed his motion for clarification (ECF No. 9) indicating his payment of the filing fee and request for a status update.

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule requires courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Clausen challenges a 2017 judgment of conviction imposed by the Second Judicial District Court for Washoe County, Nevada. *See State of Nevada v. Clausen*, Case No. CR16-0726A. The state district court entered a judgment of conviction for robbery with use of a deadly weapon, attempted murder with use of a deadly weapon, battery with use of a deadly weapon, and felon in possession. The state district court declared Clausen a habitual criminal and sentenced him to life without the possibility of parole.

In August 2018, Clausen filed a state habeas petition, and, in February 2025, the Nevada Court of Appeals affirmed denial of relief. In June 2025, Clausen initiated this federal habeas corpus proceeding. Having conducted an initial review, the Court will direct service of the petition and a response.

It is therefore ordered that the Clerk of Court file the petition (ECF No. 1-1).

It is further ordered that Clausen's motion for clarification (ECF No. 9) is denied as moot.

It is further ordered that the Clerk of the Court add Nevada Attorney General Aaron D. Ford as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the notices of electronic filing to the Nevada Attorney General's Office only.

It is further ordered that Respondents will have 60 days from the date on which the petition is served upon them to appear in this action and to answer or otherwise respond to the petition. If Respondents file an answer, Clausen will have 60 days to file a reply to the answer. If any motion is filed, the parties will brief the motion in accordance with LR 7-2 and LR 7-3.

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to

dismiss and not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file a set of state court exhibits relevant to the response filed to the petition in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3 and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, then the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney unless later directed by the Court.

DATED THIS 28th Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE