UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN CLAUSEN,

Petitioner,

v.

JOHN W. HENLEY, *et al.*,

Respondents.

Case No.: 3:25-cv-00283-MMD-CLB

ORDER

**I.      SUMMARY**

Petitioner Kevin Clausen, a *pro se* Nevada prisoner, submitted a Petition for Writ of Habeas Corpus (ECF No. 12) under 28 U.S.C. § 2254. This habeas matter is before the Court on Clausen's Motions for Appointment of Counsel (ECF Nos. 38, 40) and Motion to Extend Time (ECF No. 39). For the reasons discussed below, the Court grants Clausen's Motions for Appointment of Counsel, denies without prejudice Respondents' Motion to Dismiss, and denies Clausen's Motion to Extend as moot.

**II.      BACKGROUND**

Clausen challenges a 2017 judgment of conviction imposed by the Second Judicial District Court for Washoe County, Nevada. The state district court entered a judgment of conviction for robbery with use of a deadly weapon, attempted murder with use of a deadly weapon, battery with use of a deadly weapon, and felon in possession. The state district court adjudicated Clausen a habitual criminal and sentenced him to life without the possibility of parole.

In August 2018, Clausen filed a state habeas petition, and, in February 2025, the Nevada Court of Appeals affirmed denial of relief. In June 2025, Clausen initiated this federal habeas corpus proceeding. On initial review of the petition, the Cout directed service of the petition and set a briefing schedule. (ECF No. 11.) Respondents move to

dismiss Ground 3 as partially unexhausted. (ECF No. 37.) Clausen now moves for the appointment of counsel based on the severity of consequences of his sentencing, the difficulty of the issues presented, and his ability to comprehend the proceedings. (ECF Nos. 38, 40.)

**III.   DISCUSSION**

The Court finds that appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure and the complexity of potential claims. Given the myriad of potential procedural obstacles Clausen's situation presents, request for appointment of counsel is granted. When counsel is appointed to represent a habeas petitioner, leave is granted to file an amended petition as a matter of course. The Court sees no reason to depart from the usual practice in habeas corpus cases of allowing amended petitions under these circumstances. Accordingly, the Court denies Respondents' motion to dismiss without prejudice to Respondents filing a renewed motion to dismiss following service of the amended petition and a briefing schedule.

In addition, Clausen requests a motion to extend time to file his response to Respondents' motion to dismiss. The Court denies his motion to extend as moot.

**IV.   CONCLUSION**

It is therefore ordered that Petitioner Kevin Clausen's Motions for Appointment of Counsel (ECF Nos. 38, 40) are granted.

It is further ordered that Petitioner's Motion to Extend Time (ECF No. 39) is denied as moot.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 37) is denied without prejudice.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the Office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this

matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of Court is further directed to send a copy of this Order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 22nd Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3